IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE URBAN HEALTH CARE COALITION, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. A. No. 06-2220 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

　　　Defendant respectfully submits this memorandum in opposition to plaintiffs' motion for leave to file a surreply opposing defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. The Court should deny plaintiffs' motion for leave because they have not demonstrated any need for additional briefing. The arguments in plaintiffs' surreply could have been, and in many cases already have been, addressed in their opposition brief; defendant's reply memorandum did not raise "new arguments" as plaintiffs contend, but instead simply responded to the arguments in plaintiffs' opposition; and the proposed surreply plaintiffs have lodged with the Court far exceeds any legitimate purpose of a surreply. In short, the Court need not let itself be "turned into a trampoline for the excess energies of litigants whose need to have the last word exceeds the boundaries of fair briefing of issues." Allnut v. U.S. Dep't of Justice, No. Civ. Y-98-901, 2000 WL 852455, *15 (D. Md. Oct. 23, 2000).

　　　1.　　This Court has denied leave to file a surreply where "the arguments raised in [movant's] surreply could have been raised in [its] opposition brief." Corel Corp. v. United

States, 165 F. Supp. 2d 12, 18 n.1 (D.D.C. 2001). Surreplies have frequently been denied on similar grounds in other cases in this District. See, e.g., United States v. Baroid Corp., 346 F. Supp. 2d 138, 143 (D.D.C. 2004) ("'A surreply may be filed . . . only to address new matters in a reply, to which a party would otherwise be unable to respond.'") (quoting United States ex rel. Pogue v. Diabetes Treatment Centers, Inc., 238 F. Supp. 2d 270, 275 (D.D.C. 2002)); Davis v. Am. Soc'y of Civil Engineers, 290 F. Supp. 2d 116, 121-22 (D.D.C. 2003) (rejecting surreply because arguments plaintiff claimed were made first on reply were actually included in original motion); Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (rejecting surreply that "consists of a reiteration of arguments made in [plaintiff's] original response to the defendant's motion for summary judgment"). In particular, where the reply brief "merely respond[ed] to the plaintiff's arguments contained in his opposition, . . . it is not appropriate to permit the surreply to be filed." Lightfoot v. District of Columbia, Civ. A. No. 04-1280 (RBW), 2006 WL 54430, *1 n.1 (D.D.C. Jan. 10, 2006).

2.  Under these standards, it is clear that plaintiffs' proposed surreply brief should not be allowed. The 25-page proposed surreply reads like a full-fledged second opposition brief, rehashing arguments previously made and addressing virtually every issue in the case. Significant portions of the surreply unabashedly make second attempts at distinguishing cases that defendant relied upon in his opening brief and plaintiffs already tried to distinguish in their original opposition brief.[1] The surreply rehashes previous arguments even to the point of

---

[1] See, e.g., Proposed Surreply at 2-3, attempting to distinguish University Med. Ctr. of So. Nev. v. Shalala, 173 F.3d 438 (D.C. Cir. 1999), and Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930 (D.C. Cir. 2004), which were discussed extensively in defendant's opening brief, see Def's Mem. (dkt. no. 8) at 2, 14, 15, 19, and previously addressed by plaintiffs in their opposition, see Pls' Mem. (dkt. no. 10) at 18; Proposed Surreply at 9-11, addressing 5

repeating plain errors made in plaintiffs' original opposition brief that were previously pointed out in defendant's reply.[2] Thus, "the plaintiff[s'] proposed surreply does not provide any useful information that is not already part of the record," but rather "merely restates the facts and arguments presented in the . . . complaint and the opposition to the defendants' motion." Davis, 290 F. Supp. 2d at 122.

        3.      Plaintiffs' characterization of defendant's reply as raising "a number of new arguments and positions" (Pls' Mot. ¶ 4) is a charade. For example, most significantly, plaintiffs misleadingly portray defendant as having "predicated his Motion to Dismiss Plaintiffs' Takings claim on the substantially advances test," but then shifting to "a host of new and expanded arguments" at the reply stage. Pls' Mot. ¶ 4. In reality, defendant has never used any "substantially advances" test (as we had already pointed out, Def's Reply (dkt. no. 12) at 19 n.16), and what plaintiffs call "a host of new and expanded arguments" are simply point-by-point rebuttals of the three variations on their takings claim that plaintiffs articulated in their opposition brief. See Def's Reply at 15-17, 17-18, 18-19, responding to Pls' Mem. at 28-29, 30,

---

U.S.C. § 704, which was relied upon in defendant's opening brief, see Def's Mem. at 24-25, 26, and previously addressed by plaintiffs in their opposition, see Pls' Mem. at 22-23; Proposed Surreply at 16-19, addressing "voluntariness" cases raised in defendant's opening brief, see Def's Mem. at 19 n.29, and previously addressed by plaintiffs in their opposition, see Pls' Mem. at 32-33 & n.24.

    [2] The entire discussion at pages 13-15 of the Proposed Surreply is based on the premise that the majority opinion in Kelo v. City of New London, 545 U.S. 469 (2005), is not the law of the land and that "the reasoning underlying Justice Kennedy's swing vote" instead provides the governing rule of decision. As we pointed out in reply (Def's Reply (dkt. no. 12) at 16 n.13), the D.C. Circuit's decision in In re Grand Jury Subpoena, 438 F.3d 1141, 1148 (D.C. Cir. 2006), squarely holds that an opinion joined in by five Justices, as was Kelo, is the "authoritative precedent" notwithstanding that one of the five Justice also files a concurring opinion that includes different reasoning.

31. Notably, plaintiffs do not even purport to identify any legal arguments in defendant's reply brief concerning lack of subject matter jurisdiction as "new," even though half of their proposed surreply re-briefs those issues.[3]  Indeed, their own wording betrays that the stated need for a surreply is contrived.  See, e.g., Proposed Surreply at 5 (protesting that "[t]he Secretary continues to assert that plaintiffs have not alleged their injury is traceable to any action by the Secretary" and that the Secretary's "argument continues to ignore this body of case law"), at 8 ("the Secretary bizarrely persists in asserting" certain arguments) (emphasis added); cf. Robinson, 211 F. Supp. 2d at 113 (striking proposed surreply when "[t]he plaintiff's own use of language, for example, 'Once again in its Reply defendant makes factual allegations not supported . . .,' and 'defendant's repeated ruse . . .,' illustrates the plaintiff's attempt to merely respond to the defendant's previously raised arguments").

    4.       Thus, contrary to plaintiffs' assertion, defendant's reply "merely respond[ed] to the plaintiff[s'] arguments contained in [their] opposition." Lightfoot, 2006 WL 54430, at *1 n.1.  Indeed, if any brief in this case belatedly introduces new arguments, it is plaintiffs' proposed surreply; almost two-thirds of the 57 cases cited in the surreply were not cited at all by either

---

[3] Plaintiffs profess a need to explain the "propriety" of their attaching certain documents to their opposition to support jurisdiction. Pls' Mot. ¶ 4.  In this instance, they misperceive the issue and consequently end up responding to an argument defendant has never even made (Proposed Surreply at 8-9).  We do not dispute, and have not disputed, that the Court may appropriately consider documents outside the pleadings in ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.  We raised an entirely different question of whether plaintiffs can fundamentally change the nature and parameters of their lawsuit in their briefs, when the operative complaint never mentions the specific agency action to which they now claim their injury is specifically "traceable" for Article III standing purposes. See Def's Reply at 5.  In any event, as our reply brief goes on to explain, any such amendment would be futile because plaintiffs' asserted injury is "traceable" in the Article III sense to the law itself and its inherent preemptive effect, rather than to any particular action the agency has taken or is likely to take. See Def's Reply at 5-6; see also id. at 2.

party during regular briefing.[4]  See id. (noting the particular inappropriateness of a surreply that itself "raises facts and legal issues not previously addressed").

5.  In sum, the Court has already received voluminous briefing in this matter, plaintiffs have had a more than adequate opportunity to address the relevant issues surrounding this case, and those issues have been thoroughly elucidated.  Plaintiffs are not entitled to a surreply merely because they insist on having the last word or because they have become dissatisfied with the original opposition brief they filed.  See Corel, 165 F. Supp. 2d at 18 n.1.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that plaintiffs' motion for leave to file a surreply brief be denied.

Dated: May 11, 2007

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. MCGUAN
Associated General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
  for Litigation

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

[*signature block continued on next page*]

---

[4] The proposed surreply also goes off on tangents to argue over issues defendant never even raised, such as a discussion of whether a lawsuit in state court can be an adequate remedy (defendant never argued or even implied that the forum for litigation against MCOs over the constitutionality of § 6085 would have to be state court) and an explanation why the standard for abstention to state court litigation is not met (defendant never argued abstention).  See Proposed Surreply at 10-11 & n.8; see also supra note 3.  Such matters plainly do not warrant a surreply.

| | |
|---|---|
| SUSAN MAXSON LYONS<br>ROBERT W. BALDERSTON<br>Attorneys<br>Department of Health and Human Services | __/s/ Robert J. Katerberg_____<br>ROBERT J. KATERBERG<br> (D.C. Bar No. 466325)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W., Room 6112<br>Washington, D.C. 20001<br>Telephone:    (202) 616-8298<br>Facsimile:    (202) 616-8460<br>Robert.Katerberg@usdoj.gov<br><br>Attorneys for Defendant |