IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE URBAN HEALTH CARE COALITION, et al. | : |
| Plaintiffs, | : |
| v. | : Civ. A. No. 06-2220 (RWR) |
| MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, | : |
| Defendant. | : |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE A SUR-REPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

Plaintiffs respectfully submit this memorandum in reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion to File Sur-Reply ("Sec'y Oppos."). Defendant claims therein that plaintiffs' proposed Sur-Reply merely "rehash[ed] arguments previously made" in Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim ("Pltfs' Oppos. Mem."), rather than addressing new arguments in Defendant's Reply Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim (the "Sec'y Reply" or the "Reply Memorandum"). Sec'y Oppos. ¶ 2. Defendant is incorrect.

1. Every point addressed in plaintiffs' proposed Sur-Reply was directed specifically to arguments in defendant's Reply Memorandum, and further limited to addressing new arguments or significant variations or embellishments of arguments advanced in Defendant's original memorandum in support of his Motion to Dismiss for Lack of Subject Matter

Jurisdiction or, in the Alternative, for Failure to State a Claim (the "Motion to Dismiss"). Indeed, throughout the proposed Sur-Reply, plaintiffs specifically identified the portions of the Reply Memorandum to which they were responding.

2.     The Secretary picks nits about the scope of plaintiffs' proposed Sur-Reply with the obvious hope of having the Court consider the new arguments and new variations of arguments raised in the Reply Memorandum without hearing any response to the same. Defendant purports to illustrate that plaintiffs' proposed Sur-Reply does not reply to new arguments raised in the Reply Memorandum by noting that, in a few instances, the proposed Sur-Reply states that "[t]he Secretary _continues_ to assert" or the Secretary's "argument _continues_ to ignore."  Sec'y Oppos. ¶ 3.  However, the mere use of the verb "continues" does not demonstrate that the proposed Sur-Reply fails to address new arguments or new variations of arguments raised in the Reply Memorandum.

3.     Although the central constitutional issue in this case is whether there has been a Taking, in his opening memorandum in support if his Motion to Dismiss ("Sec'y Opening Mem."), defendant's entire opposition to plaintiffs' Takings, substantive due process _and_ Equal Protection claims was three pages long.  In his Reply Memorandum, defendant's argument in opposition to the Takings claims alone was over eight pages long.

4.     Furthermore, defendant originally argued that plaintiffs' Takings challenge to § 6085 must be rejected under the same test that applies to substantive due process and equal protection claims.  Sec'y Opening Mem. at 29-30.  The Reply Brief affirmatively advances a host of other grounds for the first time.  Contrary to his assertion that he "has never" previously relied on the moribund "substantially advances test" as the original basis for his Motion to Dismiss plaintiffs' Takings claims (Sec'y Oppos. ¶ 3), defendant initially contended that

2

plaintiffs' Takings claim must be dismissed as long as there is a "rational relationship to a legitimate governmental purpose." Sec'y Opening Mem. at 29. That is the "substantially advances" test.

5.      Not until plaintiffs argued in their Opposition Memorandum that defendant relied on the wrong legal standard for the Takings claims did defendant affirmatively challenge plaintiffs' Takings arguments under the other standards in his Reply Memorandum. For example, defendant never previously argued in support of his Motion to Dismiss that plaintiffs failed to make out a "private Taking" claim under Kelo v. City of New London, 545 U.S. 469 (2005). Nor did defendant argue in his opening memorandum that the obligation to provide services under the Emergency Medical Treatment and Labor Act ("EMTALA") is voluntary and is not equivalent to a physical invasion under Loretto v. Telepromptor Manhattan CATV Corp., 458 U.S. 419 (1982).

6.      Defendant notes that the proposed Sur-Reply is 25 pages. Sec'y Oppos. ¶ 2. However, nearly half of the proposed Sur-Reply is devoted solely to arguments raised by the defendant for the first time in his Reply Memorandum as affirmative grounds to dismiss the Takings claims.

7.      Takings claim aside, defendant's Reply Memorandum also raised a host of new arguments or significant variations of prior arguments that include, without limitation, the following:

- Defendant's Reply Memorandum newly sought to dismiss plaintiffs' Equal Protection claim based on the (erroneous) assertion that Plaintiffs would receive payments under § 6085 based on New Jersey's state plan when providing emergency services to New Jersey Medicaid beneficiaries. Sec'y Reply at 21.

3

- Defendant's Reply Memorandum objected to plaintiffs' attachment to its Opposition Memorandum of the Directive by the Secretary issued to all State Medicaid Directors to implement and enforce § 6085 in response to defendant's motion to dismiss plaintiffs claims under § 704 of the APA. Defendant also contended that plaintiffs' reliance on that official document in their Reply exceeded the scope of plaintiffs' pleadings. Sec'y Reply at 5. By definition, plaintiffs' answering argument (Sur-Reply pages 7-8) did not and could not have restated prior arguments.[1]

- Defendant argued for the first time in his Reply Brief that review of the Secretary's actions under the APA should be limited to approvals of state plan amendments. Sec'y Reply at 8 n.9. Plaintiffs' Sur-Reply devoted two plus pages (8-10) to responding to that contention.

- Plaintiffs argued in Plaintiffs' Opposition Memorandum that consistent with Abbott Labs. v. Gardner, 387 U.S. 136 (1967) plaintiffs should not have to expose themselves to criminal liability to challenge the constitutionality of § 6085. Pltfs' Oppos. Mem. at 16. In his Reply Memorandum defendant argued – for the first time, and contrary to the law of this Circuit – that, in the District of Columbia Circuit, Abbott governs only challenges to agency regulations. Sec'y Reply at 7 n.7.

- In his opening memorandum in support of his Motion to Dismiss defendant argued that plaintiffs lacked standing because their injury was caused solely by managed care organizations ("MCOs") and plaintiffs' putative ability to bring an action against the MCOs defeated a cause of action under the Administrative Procedures Act ("APA"). Sec'y Opening Mem. at 16, 25. In his Reply Memorandum, defendant further contended that plaintiffs' could not meet the redressability component of standing absent a binding judgment against the MCOs. Sec'y Reply at 4. In their proposed Sur-Reply, plaintiffs address this particular argument by noting that substantive case law contradicts defendant's binding judgment theory, and further demonstrating that the potential availability of the state court remedy advocated by defendant can not comprise an adequate remedy under § 704 of the APA. Sur-Reply pp. 9-10.

8. Not surprisingly, in some instances, the proposed Sur-Reply references Plaintiffs' Opposition Memorandum or discusses cases previously mentioned in defendant's Motion to Dismiss. This was done not to rehash arguments previously made, but to provide continuity and

---

[1] It is not surprising that defendant tries to prevent a Sur-Reply addressing the Court's right to consider this document. The Directive clearly demonstrates the Secretary's active role in implementing § 6085, which contrasts sharply with defendant's assertion that: "*The Secretary is simply not involved* [in implementing § 6085]." Sec'y Opening Mem. at 24 (emphasis added).

4

properly frame the issue when responding to a new argument or a new variation of an argument raised by defendant in his Reply Memorandum.

9. Leave to file a sur-reply is appropriate in cases, as here, where the movant raises arguments for the first time in his reply to the non-movant's opposition. <u>Flynn v. Veazey Constr. Corp.</u>, 310 F.Supp.2d 186, 189 (D.D.C. 2004); <u>see</u> <u>also</u> <u>Herbert v. Nat'l Acad. of Scis.</u>, 974 F.2d 192, 196 (D.C. Cir. 1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent). This case raises novel issues of constitutional law and it is in the interest of justice that the issues be fully and fairly addressed when deciding on a dispositive motion such as defendant's motion to dismiss.

10. Accordingly, plaintiffs respectfully request that the Court grant leave to file the proposed Sur-Reply to allow plaintiffs an opportunity to respond to the arguments raised by defendant for the first time in his Reply Memorandum.

Dated: May 18, 2007                                          Respectfully submitted,

                                                             _____/s/_____

Of Counsel:                                                  L. Barrett Boss (D.C. Bar No. 398100)
Mark H. Gallant (D.C. Bar No. 913111)                        COZEN O'CONNOR
Gregory M. Fliszar                                           1627 I Street, NW, Suite 1100
Melanie K. Martin                                            Washington, D.C., 20006
COZEN O'CONNOR                                               Telephone (202) 912-4800
1900 Market Street                                           Facsimile (866) 413-0172
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

                                                             Attorneys for Plaintiffs

PHILADELPHIA\3158034\2 193485.000